UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HSBC BANK USA, NATIONAL ASSOCIATION,

    Plaintiff,

    v.

CARMEN ESCOBAR,

    Defendant.
_____/

No. C 11-3835 PJH

**ORDER REMANDING CASE**

    Defendant Carmen Escobar removed this action from the Superior Court of California, County of San Mateo, on August 4, 2011, alleging federal question jurisdiction. On August 16, 2011, plaintiff filed a motion to remand for lack of subject matter jurisdiction. Defendant filed an opposition to the motion on August 26, 2011. The court has reviewed the notice of removal, the state court complaint, and the plaintiff's motion, and finds that plaintiff's motion must be GRANTED and the case must be remanded for lack of subject matter jurisdiction.

    Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint). Federal question jurisdiction may not be based on a claim raised as a defense or a counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

The complaint at issue was filed in San Mateo Superior Court on May 10, 2011, by plaintiff HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-AR17 ("HSBC"). The complaint alleges a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property on March 24, 2011, to HSBC. A copy of the Trustee's Deed Upon Sale is attached as an exhibit to the Declaration of Randall S. Naiman in support of plaintiff HSBC's motion to remand. The complaint asserts that following the sale, on April 29, 2011, defendant was served with a three-day written notice to quit and deliver up possession of the property to HSBC, and that as of the date the complaint was filed, defendant remained in possession of the property.

The notice of removal alleges no facts from which the court can find that it has

1 federal question jurisdiction under 28 U.S.C. § 1331.  Defendant asserts that jurisdiction is
2 proper under the Constitution and laws of the United States, based on alleged violations of
3 her due process rights and her rights under the federal Fair Dept Collection Practices Act,
4 15 U.S.C. § 1692, et seq.  Notice of Removal ¶ 4.

While defendant purports to remove the action under federal question jurisdiction by asserting that she has claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action.  Rather, the complaint alleges only a single claim under California Code of Civil Procedure 1161a.  As no federal question is raised in the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00.  The complaint specifies on the caption page that the demand "does not exceed $10,000.00."  The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from May 3, 2011, through the date of entry of judgment, and costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.

Accordingly, as the court lacks subject matter jurisdiction, the motion to remand is GRANTED, and the action is hereby REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: September 1, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge